On Motion to Dismiss.
The opinion of the Court was delivered by
Levy, J.
The plaintiff, appellee, moves to dismiss this appeal on the following grounds:
1. “That all proper and necessary parties have not been made parties to this appeal, the defendant not having been made a party hereto.”
2. “That no appeal lies from such a judgment as that attempted to be appealed from, said judgment being an interlocutory one, which does not work irreparable injury.”
3. “ That there is no note of evidence, bill of exception, or assignment of errors of record, and, therefore, the appeal must be dismissed.”
The first ground urged is the only one which calls for our consideration. The second ground is disposed of by the authorities in 6 La. 435; 2 R. 342; 12 L. 149; 11 R. 160; 12 A. 455; 7 R. 232, in which it has been held and reaffirmed, that to entitle a party to an appeal from an interlocutory judgment, it is unnecessary that the injury he absolutely irreparable. It suffices that it may become irreparable by the final judgment or action of the Supreme Court on that judgment.
The objection that there is no note of evidence, bill of exceptions or assignment of errors of record, does not justify the dismissal of the appeal herein sought.
*590 The certificate of the clerk is full and complete, and there is no suggestion of diminution. The record would enable the Supreme Court to decide on the merits. 15 A. 420; 18 A. 261; 5 N. S. 341; 14 L. 368.
The first ground, however, is serious, and the failure to make the defendant a party to the appeal, in our opinion, is fatal.
The rule that all parties to a judgment must be made parties to the appeal, is only deviated from in case of merely nominal parties without interest. 3 A. 317,
It has been held, in 3 A. 623, that, where plaiutiff in execution obtains judgment against a garnishee, from the judgment against whom defendant appeals, the garnishee must be made a party to the appeal, or it will be dismissed. Being interested in the judgment, it can neither be affirmed nor reversed without giving him an opportunity of being heard. So in an attachment suit begun by garnishment, plaintiff, in appealing from a judgment of dismissal, must make the garnishees parties. See also, 14 A. 219. We think the rule thus laid down, may, with equal force, be applied to the present case, 12 A. 801.
In this instance the appeal was granted on petition, and there was a prayer for the citation only of the plaintiff. No citation issued to the defendant, nor has he made any appearance in this appeal.
That he is interested in the judgment seems to us apparent and incontrovertible. In the original attachment suit a judgment was obtained against him serving as the basis or measure of the judgment against the garnishee, and whether that obtained against the latter is final or interlocutory,, and working irreparable injury, is immaterial, as he must have the “ opportunity of being heard,” in a matter in whichlie is surely interested to the extent of the funds belonging to him in the hands of the garnishee, which are sought to be applied to the extinguishment of the debt claimed in the suit.
See Louque’s Digest, title appeal, Y. p. 43, (b. I, no. I, and authorities there cited). Also, 16 A. 40.
The-motion to dismiss must prevail, and it-is, therefore, ordered that the appeal herein be dismissed at the costs of appellant.